**Richard R. Best**
**Lara S. Mehraban**
**Adam S. Grace**
**Jack Kaufman**
**Liora Sukhatme**
**Attorneys for Plaintiff**
**SECURITIES AND EXCHANGE COMMISSION**
**New York Regional Office**
**Brookfield Place**
**200 Vesey Street, Suite 400**
**New York, New York 10281-1022**
**(212) 336-0106 (Kaufman)**
KaufmanJa@sec.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　　-against-<br><br>**IVAN RAMOS,**<br><br>　　　　　　　　　　**Defendant.** | **COMPLAINT**<br><br>21 Civ. _____ (    )<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendant Ivan Ramos ("Ramos or "Defendant"), alleges as follows:

**SUMMARY**

This case concerns a securities offering fraud in which Defendant Ramos convinced at least 18 investors into investing a total of over $1,000,000 in two purported investment vehicles. Ramos falsely promised investors a conservative, safe investment (with a guaranteed 5% return) when, in fact, Ramos secretly used investor funds to finance a highly risky, and ultimately unsuccessful, restaurant venture and to pay other personal expenses. From approximately August 2017 to July 2020, Ramos, an insurance agent at a large, well-known insurance company, lured several of his

clients and other acquaintances into investing in the two purported investment vehicles, the first of which he used to finance his undisclosed restaurant venture, and the second of which he used to repay his earlier investors when his restaurant began to fail.

## VIOLATIONS

1. By virtue of the foregoing conduct and as alleged further herein, Defendant violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

2. Unless Defendant is restrained and enjoined, he will engage in the acts, practices, transactions, and courses of business set forth in this Complaint or in acts, practices, transactions, and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

3. The Commission brings this action pursuant to the authority conferred upon it by Securities Act Sections 20(b) and 20(d) [15 U.S.C. §§ 77t(b) and 77t(d)] and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)].

4. The Commission seeks a final judgment: (a) permanently enjoining Defendant from violating the federal securities laws and rules this Complaint alleges he has violated; (b) ordering Defendant to disgorge all ill-gotten gains he received as a result of the violations alleged here and to pay prejudgment interest thereon; (c) ordering Defendant to pay civil money penalties pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3); and (d) ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa].

6. Defendant, directly and indirectly, has made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and courses of business alleged herein.

7. Venue lies in this District under Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa]. Defendant may be found in, is an inhabitant of, or transacts business in the District of New Jersey, and certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District, including that the Defendant made false and misleading statements to investors in connection with the offer or sale of securities within this District.

## DEFENDANT

8. **Ivan Ramos**, age 39, is a resident of Hillside, New Jersey. Since 2012, Ramos has been employed as an insurance agent for Insurance Company A.

## OTHER RELEVANT INDIVIDUALS AND ENTITIES

9. **Invexperts, LLC**, incorporated in New Jersey with its principal place of business in Newark, NJ, purports to provide tax, accounting and payroll advisory services. Invexperts is owned by Individual A.

10. **Insurance Company A** is a large, well-known insurance company.

11. **Individual A**, age 39, is a resident of Newark, NJ. Individual A provides accounting and tax preparation services and is the sole owner of Invexperts.

12. **Wealth Seeds Capital** is an LLC incorporated in New Jersey with its principal place of business in Elizabeth, NJ.

## FACTS

13. Individual A, a friend of Ramos, is an accountant. In or about 2014, Individual A founded Invexperts.

14. In or about 2017, Ramos and Individual A agreed to use Invexperts as a vehicle to raise funds from individual investors to finance a start-up restaurant venture.

15. From at least August 2017 to October 2019 Ramos pitched Invexperts to at least several of his Insurance Company A clients and others as a safe investment with a guaranteed 5% annual return. For fear of scaring off potential investors, Ramos purposely did not tell them that, contrary to his representations, he in fact intended to use their invested funds to finance his risky restaurant venture. Indeed, despite knowing that investing in a restaurant involved significant risk, Ramos told investors that their investment in Invexperts would be "risk-free."

16. As Ramos also knew or recklessly disregarded, the individuals he solicited to invest in Invexperts had no prior investment experience and put their trust in Ramos as an agent for Insurance Company A. In addition to his other misrepresentations, Ramos left potential Invexperts investors with the false impression that Invexperts was affiliated with Insurance Company A. Contrary to that impression, Ramos knew that, in fact, Insurance Company A had no connection to, or other association with, Invexperts.

17. To pitch the Invexperts investment, Ramos visited potential investors at their homes and, periodically thereafter, visited them to discuss the ongoing performance of their Invexperts investments and to solicit additional such investments. During these home visits, Ramos provided at least certain investors with purported periodic account statements which, in fact, were fictional. The account statements listed purported "interest gained" and "performance" of 4.5% to 7.1% "Gross Fixed Return," creating the false impression that investor funds had accumulated interest during the reporting period. In fact, Invexperts accumulated no such interest for its investors. To the contrary, Ramos deposited all investor funds into a non-interest bearing checking account controlled by Ramos and Individual A (the "Bank Account").

18. In or about November 2018, Ramos and Individual A opened a restaurant in

Elizabeth, New Jersey. Ramos withdrew at least $150,000 from the Bank Account to open and operate the restaurant.

19. In or about 2019, Ramos withdrew at least $15,000 from the Bank Account to pay his personal bills and expenses, an additional $90,000 from the Bank Account to purchase real estate in New Jersey, and another $48,000 to purchase personal property in Ecuador.

20. By late 2019, Ramos had raised more than $500,000 from Invexperts investors and had used most of that money to pay restaurant and personal expenses.

21. In or about January 2020, Ramos created a new LLC, named Wealth Seeds Capital ("WSC"), and he similarly began soliciting investors for WSC. Ramos likewise falsely pitched WSC to his Insurance Company A clients as a safe investment, and Ramos likewise created the false impression for them that WSC was affiliated with Insurance Company A. Contrary to these representations and impressions, Ramos did not invest the money he raised for WSC but, rather, used it to repay his earlier Invexperts investors.

22. Ramos' restaurant failed to turn a profit and, in or about March 2020, Ramos and Individual A closed the restaurant.

## FIRST CLAIM FOR RELIEF
### Violations of Securities Act Section 17(a)

23. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 22.

24. Defendant, directly or indirectly, singly or in concert, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (1) knowingly or recklessly has employed one or more devices, schemes or artifices to defraud, (2) knowingly, recklessly, or negligently has obtained money or property by means of one or more untrue statements of a material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made,

not misleading, and/or (3) knowingly, recklessly, or negligently has engaged in one or more transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

25. By reason of the foregoing, Defendant, directly or indirectly, singly or in concert, has violated and, unless enjoined, will again violate Securities Act Section 17(a) [15 U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF
### Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder

26. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 22.

27. Defendant, directly or indirectly, singly or in concert, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly has (i) employed one or more devices, schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

28. By reason of the foregoing, Defendant, directly or indirectly, singly or in concert, has violated and, unless enjoined, will again violate Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court enter a Final Judgment:

**I.**

Permanently enjoining Defendant and his agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Securities Act Section 17(a) [15 U.S.C. § 77q(a)], Exchange Act Section 10(b) [15 U.S.C. § 78j(b)], and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)].

**II.**

Ordering Defendant to disgorge all ill-gotten gains he received directly or indirectly, with pre-judgment interest thereon, as a result of the alleged violations;

**III.**

Ordering Defendant to pay civil monetary penalties under Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; and

## IV.

Granting any other and further relief this Court may deem just and proper.

Dated:  New York, New York
        January 26, 2021

                                              /s/ Jack Kaufman
RICHARD R. BEST
REGIONAL DIRECTOR
**Lara S. Mehraban**
**Adam S. Grace**
**Jack Kaufman**
**Liora Sukhatme**
**Attorneys for Plaintiff**
**SECURITIES AND EXCHANGE COMMISSION**
**New York Regional Office**
**Brookfield Place**
**200 Vesey Street, Suite 400**
**New York, New York 10281-1022**
**(212) 336-0106 (Kaufman)**
**KaufmanJa@sec.gov**

Local Counsel for Plaintiff:

CRAIG CARPENITO
UNITED STATES ATTORNEY (Designated Local Counsel)
By:  David E. Dauenheimer
Deputy Chief, Government Fraud Unit
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102-2534
(973) 645-2925

## DESIGNATION PURSUANT TO LOCAL RULE 101.1(f)

Per the requirements of Local Civil Rule 101.1(f), the undersigned hereby designates the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

CRAIG CARPENITO
UNITED STATES ATTORNEY (Designated Local Counsel)
By:  David E. Dauenheimer
Deputy Chief, Government Fraud Unit
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102-2534
(973) 645-2925
Email:  david.dauenheimer2@usdoj.gov

SECURITIES AND EXCHANGE COMMISSION

/s/ Jack Kaufman
RICHARD R. BEST
REGIONAL DIRECTOR
**Lara S. Mehraban**
**Adam S. Grace**
**Jack Kaufman**
**Liora Sukhatme**
**Attorneys for Plaintiff**
**SECURITIES AND EXCHANGE COMMISSION**
**New York Regional Office**
**Brookfield Place**
**200 Vesey Street, Suite 400**
**New York, New York 10281-1022**
**(212) 336-0106 (Kaufman)**
**KaufmanJa@sec.gov**

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is related to *United States of America v. Ivan Ramos*, No. 21-CR-83 (CCC) (D.N.J.), pending in the United States District Court for the District of New Jersey.

SECURITIES AND EXCHANGE COMMISSION

/s/ Jack Kaufman
RICHARD R. BEST
REGIONAL DIRECTOR
**Lara S. Mehraban**
**Adam S. Grace**
**Jack Kaufman**
**Liora Sukhatme**
**Attorneys for Plaintiff**
**SECURITIES AND EXCHANGE COMMISSION**
**New York Regional Office**
**Brookfield Place**
**200 Vesey Street, Suite 400**
**New York, New York 10281-1022**
**(212) 336-0106 (Kaufman)**
**KaufmanJa@sec.gov**